UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S AMANTHA S TECKLOFF,     Case No. 18-13230

   Plaintiff,     S ENIOR U.S. D ISTRICT J UDGE
    A RTHUR J. T ARNOW
v.
    U.S. M AGISTRATE J UDGE
W AYNE S TATE U NIVERSITY,     R. S TEVEN W HALEN

   Defendant.
_____/

**O RDER D ENYING D EFENDANT'S M OTION FOR P ARTIAL D ISMISSAL [6]**

Before the Court is Defendant Wayne State University's Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(c) [6] filed on November 13, 2018. The Motion is fully briefed. The Court held a hearing on the Motion on June 10, 2019.

For the reasons explained below, the Court **DENIES** Defendant's Motion for Partial Dismissal [6].

**F ACTUAL AND P ROCEDURAL B ACKGROUND**

On August 1, 2011, Defendant Wayne State University ("WSU") hired Plaintiff Samantha Steckloff as a Student Service Center Specialist. In September 2013, WSU promoted Steckloff to Enrollment Management Coordinator.

On June 9, 2015, Steckloff was diagnosed with breast cancer for which she underwent a double mastectomy. WSU authorized Steckloff to take a period of leave in

accordance with the Family and Medical Leave Act ("FMLA"). She returned to work on August 20, 2015.

On September 1, 2015, Steckloff asked her supervisor at the time, LaJoyce Brown, for approval to occasionally work from home while she received chemotherapy treatments. Brown denied her request.

In early February 2016, Steckloff had a second surgery which required her to take some time off. On February 22, 2016, she returned to work under the supervision of the Director of Undergraduate Admissions, Erica Jackson. She asked Jackson about the possibility of working from home when she felt sick from chemotherapy, but, like Brown, Jackson denied her request. Although she was denied approval to work from home, Steckloff continued to receive intermittent FMLA leave for the remainder of the calendar year.

Given the frequency of Steckloff's absences, WSU notified her that she would need to use her sick-bank hours, which were unpaid, before should could use her paid vacation hours. In effect, this would reduce Steckloff's salary by the number of sick bank hours she used to cover her absences. In February 2017, Steckloff started to feel the consequences of this policy when she began to receive a significant pay-cut.

In June 2017, Steckloff again asked Jackson if she could work from home when she felt ill. Both Jackson and an HR representative told Steckloff that she was ineligible. This prompted her to file a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 29, 2017.

In late August 2017, Steckloff was admitted to the hospital for two weeks. She returned to work on September 15, 2017. On October 4, 2017, she was fired for excessive absenteeism.

On October 2, 2018, Steckloff, through counsel, commenced this action in Wayne County Circuit Court. On October 18, 2018, WSU removed the action to this Court. She alleges a claim under § 504 of the Rehabilitation Act (Count I) and state law claims for disparate treatment, retaliation, and failure to accommodate under the Persons with Disabilities Civil Rights Act ("PWDCRA") (Counts II-IV).

On November 13, 2018, WSU filed this Motion for Partial Dismissal [6] pursuant to Fed. R. Civ. P. 12(c). Steckloff filed a Response [9] on December 4, 2018. WSU filed a Reply [10] on December 17, 2018. On June 10, 2018, the Court held a hearing on the Motion.

## ANALYSIS

Defendant moves to dismiss Plaintiff's state law claims on the ground that she failed to comply with M.C.L. § 600.6431(1) which requires that a claimant file a notice of intent with the Court of Claims prior to filing suit against the State.

Section 600. 6431(1) provides:

> No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained . . . .

It is undisputed Plaintiff filed neither a verified complaint nor a notice of intent to file a claim with the office of the clerk of the Court of Claims. It is also undisputed that WSU may be considered an arm of the state for purposes of this Section.

Defendant argues that Plaintiff's failure to comply with the notice provision set forth in § 600.6431(1) is fatal to her state law claims. Defendant relies on *Hawthorne-Burdine v. Oakland Univ.*, No. 338605, 2018 WL 1832336, at *1 (Mich. Ct. App. Apr. 17, 2018), *appeal denied,* 503 Mich. 888, 919 N.W.2d 74 (2018), in which the Court of Appeals affirmed the dismissal of a plaintiff's PWDCRA claims pursuant to § 600.6431(1).

In *Hawthorne-Burdine*, the plaintiff filed a complaint in the Oakland County Circuit Court alleging violations under the PWDCRA. *Id.* The complaint was transferred to the Court of Claims where Oakland University moved for dismissal based on plaintiff's failure to file a notice of intent. *Id.* The plaintiff conceded that she failed to comply with § 600.6431 but argued that the statute should not apply to civil rights violations under the PWDCRA. *Id.* at *3.

In an unpublished opinion, the Court of Appeals rejected the plaintiff's argument, noting that § 600.6431(1) does not "distinguish between claims that are subject to its notice requirements, [and] provides broadly that '[n]*o claim* may be maintained against the state unless' the claimant complies with the provision." *Id.* at *3.

In Defendant's view, *Hawthorne-Burdine* stands for the proposition that a claimant may not sue an arm of the State in any court in Michigan, including federal district and state circuit courts, where she has failed to comply with § 600.6431(1).

Defendant's position overlooks the critical fact that *Hawthorne-Burdine* was litigated in the Court of Claims, where the Court of Claims Act, and § 600.6431(1) therein, are applicable. This case, on the other hand, which was originally filed in the Wayne County Circuit Court, does not involve the Court of Claims. Defendant even concedes that this action could not have been brought in the Court of Claims. As Plaintiff appropriately noted at the hearing, the instant case has never been, and never will be, litigated in the Court of Claims.

Plaintiff argues that *Doe v. Dep't of Transp.*, 324 Mich. App. 226, 238, 919 N.W.2d 670, 677, *appeal denied*, 503 Mich. 876, 917 N.W.2d 637 (2018) is more persuasive than *Hawthorne-Burdine*. In *Doe*, the plaintiff filed an Elliot-Larsen Civil Rights Act ("ELCRA") claim in the Ingham County Circuit Court. *Id.* at 228. Thereafter, the Department of Transportation ("DOT") filed a notice of transfer to the Court of Claims claiming the Court had exclusive jurisdiction. *Id.*

After transferring the case to the Court of Claims, the DOT moved for dismissal, in part, based on the plaintiff's failure to comply with § 600.6431(1). *Id.* The plaintiff moved for transfer back to the Circuit Court. *Id.* at 229. The Court of Claims granted the plaintiff's motion to transfer the case back to the Circuit Court. *Id.*

On appeal, the DOT argued that the Court of Claims had exclusive jurisdiction over the action and therefore erred by transferring the case back to the Circuit Court. *Id.* The Court of Appeals, in a published opinion, rejected this argument finding that the Court of Claims had concurrent jurisdiction with the Circuit Court. *Id.* at 238. The Court declined to rule on the issue of whether the plaintiff was required to comply with the notice requirement in § 600.6431(1). *Id.* at 239 fn.4. ("Because the Court of Claims properly transferred the case back to the circuit court, defendant's argument that plaintiff did not follow the procedures necessary to proceed in the Court of Claims is moot and this Court need not address it.").

Because she did not file her complaint in the Court of Claims, but rather in a circuit court with concurrent jurisdiction, Plaintiff contends that she is not subject to the procedures set forth in § 600.6431(1).

Neither *Doe* nor *Hawthorne-Burdine* is directly on point. The issue of whether § 600.6431(1) applies to cases litigated outside of the Court of Claims appears to be a matter of first impression in this District.

The fact that nearly every case which cites to § 600.6431(1) has been litigated in the Court of Claims undercuts Defendant's argument for its broad-sweeping application. Defendant improperly construes § 600.6431(1) in a vacuum. Section 600.6431 is a specific provision within the Court of Claims Act set forth in Chapter 64 of the Revised Judicature Act of 1961. The Court need only its common sense to deduce that the *Court of Claims Act* sets forth the applicable procedures for cases litigated in

the *Court of Claims*, not in every other court across the state of Michigan. *See Ranch Rheaume, LLC v. Dep't of Agric.*, No. 317631, 2015 WL 1227566, at *2 (Mich. Ct. App. Mar. 17, 2015) ("All suits brought before the Court of Claims are subject to the procedural rules specified in the broader Court of Claims Act[.]").

Plaintiff's failure to comply with § 600.6431(1) of the Michigan Court of Claims Act does not prohibit her from filing suit against an arm of the State in this Court.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Dismissal [6] is **DENIED**.

**SO ORDERED**.

                                                   s/Arthur J. Tarnow
                                                  Arthur J. Tarnow
Dated: July 8, 2019                  Senior United States District Judge